IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT WARE, | : | |
|     Petitioner | : | |
| | : | No. 1:21-cv-646 |
| v. | : | |
| | : | (Judge Rambo) |
| HERMAN QUAY, | : | |
|     Respondent | : | |

### MEMORANDUM

On April 8, 2020, *pro se* Petitioner Robert Ware ("Petitioner"), who is currently incarcerated at the United States Penitentiary Allenwood in White Deer, Pennsylvania ("USP Allenwood"), initiated the above-captioned action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) Petitioner seeks an Order directing the Bureau of Prisons ("BOP") to award him earned time credit for evidence-based recidivism training pursuant to the First Step Act ("FSA"). (*Id.* at 8.) Petitioner paid the filing fee on April 14, 2021. (Doc. No. 5.) Following an Order to show cause (Doc. No. 6), Respondent filed a response on May 5, 2021 (Doc. No. 8).

### I.     BACKGROUND

Petitioner is currently serving a 360-month term of imprisonment imposed by the United States District Court for the Middle District of Tennessee for violations of 21 U.S.C. § 841(a)(1), distribution and possession with intent to distribute cocaine, and 21 U.S.C. § 846, conspiracy to distribute and possess with intent to

distribute cocaine. (Doc. No. 8-1 at 6, 8.) Petitioner's projected good conduct time release date is July 15, 2022. (*Id.* at 6.) The record before the Court indicates that Petitioner has received program training, but that such training pre-dates January 15, 2021. (*Id.* at 10-11.) Moreover, none of the programming on his educational transcript that post-dates January 15, 2020 is an approved evidence-based recidivism reduction ("EBRR") program or a productive activity ("PA"). (*Id.* at 15-17.)

In his § 2241 petition, Petitioner maintains that the BOP "should have given him credit for his participation in the training program and he should have been already . . . released to the halfway house he has already been approved for." (Doc. No. 1 at 10.) According to Petitioner, he is entitled to 90 days of credit. (*Id.* at 12.) Petitioner asks that the Court "fast track" his petition. (*Id.*) He also asserts that this is a "time sensitive matter" and, therefore, he has filed his § 2241 petition without first exhausting his administrative remedies. (*Id.* at 10.) Petitioner also maintains that this matter presents a "narrow dispute of 'statutory construction' which is exempt from the exhaustion [requirement]." (*Id.*)

## II. DISCUSSION

Respondent asserts that Petitioner's § 2241 petition should be dismissed because: (1) Petitioner failed to exhaust his administrative remedies; and (2) Petitioner is not eligible to receive the requested time credits under the FSA. (Doc. No. 8 at 3.) The Court considers each argument in turn below.

## A. Exhaustion of Administrative Remedies

While § 2241 does not contain an explicit statutory exhaustion requirement, the United States Court of Appeals for the Third Circuit has consistently required a petitioner to exhaust his administrative remedies before filing a § 2241 petition. *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Id.* at 761-62 (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)). Thus, "a federal prisoner who . . . fails to exhaust his administrative remedies because of a procedural default, and subsequently finds closed all additional avenues of administrative remedy, cannot secure judicial review of his habeas claim absent a showing of cause and prejudice." *Id.* at 762. Exhaustion, however, is not required when it would not promote these goals, such as when exhaustion would be futile. *See, e.g., Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998).

The BOP has a multi-step administrative remedy program allowing an inmate "to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). First, an inmate should attempt inform resolution of the issue with the appropriate staff member. *Id.* § 542.13(b). If

informal resolution is unsuccessful, the inmate may submit a formal written grievance, using the BP-9 form, to the Warden within twenty (20) calendar days "following the date on which the basis for the Request occurred." *Id.* § 542.14(a). The Warden is to respond to the request within twenty (20) calendar days. *Id.* § 542.18. An inmate dissatisfied with the Warden's response may appeal, using the BP-10 form, "to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response." *Id.* § 542.15(a). Finally, an inmate may appeal the Regional Director's response, using the BP-11 form, to the BOP's General Counsel "within 30 calendar days of the date the Regional Director signed the response." *Id.*

The record reflects that Petitioner did not file any administrative remedies seeking time credits pursuant to the FSA. (Doc. No. 8-1 at 13-14.) Indeed, Petitioner admits that he did not exhaust his administrative remedies because of the "time sensitive" nature of this matter. (Doc. No. 1 at 10.) He also asserts that exhaustion is excused because his § 2241 petition presents an issue of statutory construction. (*Id.*) Petitioner, however, is mistaken as to the nature of his § 2241 petition. While the Third Circuit has recognized that "exhaustion is not required with regard to claims which turn only on statutory construction," *Coleman v. U.S. Parole Comm'n*, 644 F. App'x 159, 162 (3d Cir. 2016), Petitioner's § 2241 petition does not present the question of what the FSA means with regard to time credits or how they were

applied. Rather, the question is whether Petitioner completed any EBRRs and PAs after January 15, 2020, that entitle him to such credits. *See Maggio v. Joyner*, No. 7:21-21-DCR, 2021 WL 1804915, at *1-2 (E.D. Ky. Mar. 25, 2021) (concluding same to determine that the inmate-petitioner's § 2241 petition was subject to dismissal for failure to exhaust).

Moreover, even if Petitioner thought that pursuit of his administrative remedies would be futile, "[c]ourts in the Middle District of Pennsylvania have consistently held that 'exhaustion of administrative remedies is not rendered futile simply because a prisoner anticipates he will be unsuccessful in his administrative appeals.'" *Ross v. Martinez*, No. 4:09-cv-1770, 2009 WL 4573686, at *3 (M.D. Pa. Dec. 1, 2009) (quoting *Malvestuto v. Martinez*, No. 1:09-cv-1339, 2009 WL 2876883, at *3 (M.D. Pa. Sept. 1, 2009)); *see also Suarez-Sanchez v. Lane*, No. 4:18-cv-1431, 2019 WL 1645231, at *3-4 (M.D. Pa. Mar. 5, 2019) (concluding that petitioner's § 2241 petition was subject to dismissal for failure to exhaust because the petitioner "never fully and properly appealed [his] grievance because he apparently deemed the grievance process to be a waste of time"), *Report and Recommendation adopted*, 2019 WL 1620339 (M.D. Pa. Apr. 16, 2019). In the instant case, Petitioner "has clearly failed to exhaust administrative remedies with respect to the time credit he requests in the instant petition." *Kurti v. White*, No. 1:19-cv-2109, 2020 WL 2063871, at *3 (M.D. Pa. Apr. 29, 2020). Thus, the Court

5

agrees with Respondent that Petitioner's § 2241 petition must be dismissed for failure to exhaust his administrative remedies. Nevertheless, the Court will address the merits of his petition below.

B. **Eligibility for Time Credits Under the FSA**

Under the FSA, the Attorney General was charged with development and release of a Risk and Needs Assessment System ("the System") within 210 days of December 21, 2018, the date on which the FSA was enacted. 18 U.S.C. § 3632. The System is to be used for: (1) determining an inmate's recidivism risk; (2) assessing an inmate's risk of violent or serious misconduct; (3) determining the type and amount of EBRR programming appropriate for each inmate; (4) periodically assessing an inmate's recidivism risk; (4) reassigning an inmate to appropriate EBRRs and PAs; (5) determining when to provide incentives and rewards for successful participation in EBRRs and PAs; and (6) determining when the inmate is ready to transfer to pre-release custody or supervised release. *Id.* § 3632(a). Moreover, the System provides guidance on the "type, amount, and intensity of EBRR programs and PAs to be assigned to each inmate based on the inmate's specific criminogenic needs." *Kurti*, 2020 WL 2063871, at *4 (citing 18 U.S.C. § 3632(b)).

The FSA allows eligible inmates who successfully complete EBRRs or PAs to receive earned time credits to be applied toward time in pre-release custody or

6

supervised release. 18 U.S.C. § 3632(d)(4)(A). An inmate may earn ten (10) days of credit for every thirty (30) days of successful participation. *Id.* Moreover, eligible inmates who have been assessed at a minimum or low risk of recidivism who do not increase their risk of recidivism over two (2) consecutive assessments may earn five (5) days of time credit for every thirty (30) days of successful participation. *Id.* However, an inmate may not earn time credits for EBRR programs completed prior to the enactment of the FSA. *Id.* § 3632(d)(4)(B)(i). The Attorney General was allowed 210 days after the FSA was enacted to develop and publish the System, which the BOP then used as a guide to implement the EBRRs and PAs. 18 U.S.C. § 3632(a). The Attorney General published the System on July 19, 2019, and the BOP then had 180 days, or until January 15, 2020, to implement the System, complete assessments, and begin to assign prisoners to appropriate EBRRs. *Kurti*, 2020 WL 2063871, at *4 (citing 18 U.S.C. § 3621(h)). This Court has previously held that inmates cannot earn time credits for EBRRs and PAs completed before January 15, 2020. *Id.* at *5 (citing 18 U.S.C. § 3632(d)(4)(B)(i)).

For purposes of the FSA, Petitioner was assessed to have a high risk of recidivism. (Doc. No. 8-1 at 18.) The BOP identified his needs as "anger/hostility," "finance/poverty," and "work." (*Id.*) Petitioner's education transcript indicates that much of his programming was completed prior to January 15, 2020. (*Id.* at 11-12.) Petitioner, therefore, is not entitled to time credit for any programming completed

7

prior to that date. *Kurti*, 2020 WL 2063871, at *5. Moreover, none of the programming that Petitioner completed after January 15, 2020 is a BOP-approved EBRR or PA. (*Id.* at 10-11, 15-17.) "If an inmate could accrue FSA credits by participating in any type of recidivism-reduction program or activity, the statutory language instructing the BOP to establish and implement an individualized risk and needs assessment system, 18 U.S.C. § 3632(a), (b), would be superfluous." *Butler v. Bradley*, No. CV 20-11211 DMG (RAO), 2021 WL 945252, at *4 (C.D. Cal. Feb. 22, 2021); *see also Hare v. Ortiz*, No. 20-14093, 2021 WL 391280, at *9 (D.N.J. Feb. 4, 2021) (noting that credits "are earned only when an inmate successfully completes one of the BOP-approved EBRR programs or PAs related to one of the particular needs assigned to that inmate"). Petitioner, therefore, is not entitled to the time credits he seeks, and his § 2241 petition will be denied.

## III. CONCLUSION

Based on the foregoing, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) will be denied. An appropriate Order follows.

s/ Sylvia H. Rambo
United States District Judge

Dated: May 25, 2021

8