IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT WARE,  :
   Petitioner  :
     : No. 1:21-cv-646
v.  :
     : (Judge Rambo)
HERMAN QUAY,  :
   Respondent  :

## AMENDED MEMORANDUM[1]

On April 8, 2020, *pro se* Petitioner Robert Ware ("Petitioner"), who is currently incarcerated at the United States Penitentiary Allenwood in White Deer, Pennsylvania ("USP Allenwood"), initiated the above-captioned action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) Petitioner seeks an Order directing the Bureau of Prisons ("BOP") to award him earned time credit for evidence-based recidivism training pursuant to the First Step Act ("FSA"). (*Id.* at 8.) Petitioner paid the filing fee on April 14, 2021. (Doc. No. 5.) Following an Order to show cause (Doc. No. 6), Respondent filed a response on May 5, 2021 (Doc. No. 8). The Court did not receive a traverse or a motion for an extension of time from Petitioner. Accordingly, in a Memorandum and Order dated May 25, 2021, the Court denied Petitioner's § 2241 petition. (Doc. Nos. 9, 10.)

---

[1] The purpose of this Amended Memorandum is to address Petitioner's traverse (Doc. No. 11), filed on May 26, 2021, and Respondent's response thereto (Doc. No. 15), filed on June 9, 2021. This Amended Memorandum and accompanying Order also serves to protect Petitioner's appellate rights.

A day later, the Court received Petitioner's traverse. (Doc. No. 11.) In an Order dated May 26, 2021, the Court directed Respondent to file a response to the traverse within seven (7) days. (Doc. No. 12.) The Court noted that once Respondent filed his response, the Court would reconsider its May 25, 2021 Memorandum and Order. (*Id.*) After receiving an extension of time (Doc. Nos. 13, 14), Respondent filed his response on June 9, 2021 (Doc. No. 15). Upon consideration of all filings in the above-captioned case, including Petitioner's traverse and Respondent's response thereto, the Court will once again deny Petitioner's § 2241 petition.

I.  **BACKGROUND**

Petitioner is currently serving a 360-month term of imprisonment imposed by the United States District Court for the Middle District of Tennessee for violations of 21 U.S.C. § 841(a)(1), distribution and possession with intent to distribute cocaine, and 21 U.S.C. § 846, conspiracy to distribute and possess with intent to distribute cocaine. (Doc. No. 8-1 at 6, 8.) Petitioner's projected good conduct time release date is July 15, 2022. (*Id.* at 6.)

The record before the Court indicates that Petitioner has received program training, but that most of that training pre-dates January 15, 2020. (*Id.* at 10-11.) Petitioner did not complete his GED as an assigned EBRR/PA, nor is receiving a GED listed as an EBRR/PA. (Doc. No. 15-1 at 1.) Petitioner did not complete the

Residential Drug Treatment Program ("RDAP") at USP Allenwood after January 15, 2020. (*Id.*) Petitioner has completed EBRR/PA courses such as Money Smart Older Population and CTE Job Read Cert: Forklift Class. (*Id.*) Petitioner, however, "has a medium risk recidivism level PATTERN score." (*Id.*) "While any inmate can complete EBRR/PA programs, inmates must have a minimum or low risk to recidivism PATTERN score to earn prerelease custody or supervised release time credit." (*Id.* at 3.)

In his § 2241 petition, Petitioner maintains that the BOP "should have given him credit for his participation in the training program and he should have been already . . . released to the halfway house he has already been approved for." (Doc. No. 1 at 10.) According to Petitioner, he is entitled to 90 days of credit. (*Id.* at 12.) Petitioner asks that the Court "fast track" his petition. (*Id.*) He also asserts that this is a "time sensitive matter" and, therefore, he has filed his § 2241 petition without first exhausting his administrative remedies. (*Id.* at 10.) Petitioner also maintains that this matter presents a "narrow dispute of 'statutory construction' which is exempt from the exhaustion [requirement]." (*Id.*)

## II. DISCUSSION

Respondent asserts that Petitioner's § 2241 petition should be dismissed because: (1) Petitioner failed to exhaust his administrative remedies; and (2)

3

Petitioner is not eligible to receive the requested time credits under the FSA. (Doc. No. 8 at 3.) The Court considers each argument in turn below.

### A. Exhaustion of Administrative Remedies

While § 2241 does not contain an explicit statutory exhaustion requirement, the United States Court of Appeals for the Third Circuit has consistently required a petitioner to exhaust his administrative remedies before filing a § 2241 petition. *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Id.* at 761-62 (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)). Thus, "a federal prisoner who . . . fails to exhaust his administrative remedies because of a procedural default, and subsequently finds closed all additional avenues of administrative remedy, cannot secure judicial review of his habeas claim absent a showing of cause and prejudice." *Id.* at 762. Exhaustion, however, is not required when it would not promote these goals, such as when exhaustion would be futile. *See, e.g.*, *Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998).

The BOP has a multi-step administrative remedy program allowing an inmate "to seek formal review of an issue relating to any aspect of his/her own

4

confinement." 28 C.F.R. § 542.10(a). First, an inmate should attempt inform resolution of the issue with the appropriate staff member. *Id.* § 542.13(b). If informal resolution is unsuccessful, the inmate may submit a formal written grievance, using the BP-9 form, to the Warden within twenty (20) calendar days "following the date on which the basis for the Request occurred." *Id.* § 542.14(a). The Warden is to respond to the request within twenty (20) calendar days. *Id.* § 542.18. An inmate dissatisfied with the Warden's response may appeal, using the BP-10 form, "to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response." *Id.* § 542.15(a). Finally, an inmate may appeal the Regional Director's response, using the BP-11 form, to the BOP's General Counsel "within 30 calendar days of the date the Regional Director signed the response." *Id.*

The record reflects that Petitioner did not file any administrative remedies seeking time credits pursuant to the FSA. (Doc. No. 8-1 at 13-14.) Indeed, Petitioner admits that he did not exhaust his administrative remedies because of the "time sensitive" nature of this matter. (Doc. No. 1 at 10.) He also asserts that exhaustion is excused because his § 2241 petition presents an issue of statutory construction. (*Id.*; Doc. No. 11 at 2.) Petitioner, however, is mistaken as to the nature of his § 2241 petition. While the Third Circuit has recognized that "exhaustion is not required with regard to claims which turn only on statutory construction," *Coleman*

5

*v. U.S. Parole Comm'n*, 644 F. App'x 159, 162 (3d Cir. 2016), Petitioner's § 2241 petition does not present the question of what the FSA means with regard to time credits or how they were applied. Rather, the question is whether Petitioner completed any EBRRs and PAs after January 15, 2020, that entitle him to such credits. *See Maggio v. Joyner*, No. 7:21-21-DCR, 2021 WL 1804915, at *1-2 (E.D. Ky. Mar. 25, 2021) (concluding same to determine that the inmate-petitioner's § 2241 petition was subject to dismissal for failure to exhaust).

Moreover, even if Petitioner thought that pursuit of his administrative remedies would be futile, "[c]ourts in the Middle District of Pennsylvania have consistently held that 'exhaustion of administrative remedies is not rendered futile simply because a prisoner anticipates he will be unsuccessful in his administrative appeals.'" *Ross v. Martinez*, No. 4:09-cv-1770, 2009 WL 4573686, at *3 (M.D. Pa. Dec. 1, 2009) (quoting *Malvestuto v. Martinez*, No. 1:09-cv-1339, 2009 WL 2876883, at *3 (M.D. Pa. Sept. 1, 2009)); *see also Suarez-Sanchez v. Lane*, No. 4:18-cv-1431, 2019 WL 1645231, at *3-4 (M.D. Pa. Mar. 5, 2019) (concluding that petitioner's § 2241 petition was subject to dismissal for failure to exhaust because the petitioner "never fully and properly appealed [his] grievance because he apparently deemed the grievance process to be a waste of time"), *Report and Recommendation adopted*, 2019 WL 1620339 (M.D. Pa. Apr. 16, 2019). In the instant case, Petitioner "has clearly failed to exhaust administrative remedies with

respect to the time credit he requests in the instant petition." *Kurti v. White*, No. 1:19-cv-2109, 2020 WL 2063871, at *3 (M.D. Pa. Apr. 29, 2020). Thus, the Court agrees with Respondent that Petitioner's § 2241 petition must be dismissed for failure to exhaust his administrative remedies. Nevertheless, the Court will address the merits of his petition below.

### B. Eligibility for Time Credits Under the FSA

Under the FSA, the Attorney General was charged with development and release of a Risk and Needs Assessment System ("the System") within 210 days of December 21, 2018, the date on which the FSA was enacted. 18 U.S.C. § 3632. The System is to be used for: (1) determining an inmate's recidivism risk; (2) assessing an inmate's risk of violent or serious misconduct; (3) determining the type and amount of EBRR programming appropriate for each inmate; (4) periodically assessing an inmate's recidivism risk; (4) reassigning an inmate to appropriate EBRRs and PAs; (5) determining when to provide incentives and rewards for successful participation in EBRRs and PAs; and (6) determining when the inmate is ready to transfer to pre-release custody or supervised release. *Id.* § 3632(a). Moreover, the System provides guidance on the "type, amount, and intensity of EBRR programs and PAs to be assigned to each inmate based on the inmate's specific criminogenic needs." *Kurti*, 2020 WL 2063871, at *4 (citing 18 U.S.C. § 3632(b)).

The FSA allows eligible inmates who successfully complete EBRRs or PAs to receive earned time credits to be applied toward time in pre-release custody or supervised release. 18 U.S.C. § 3632(d)(4)(A). An inmate may earn ten (10) days of credit for every thirty (30) days of successful participation. *Id.* Moreover, eligible inmates who have been assessed at a minimum or low risk of recidivism who do not increase their risk of recidivism over two (2) consecutive assessments may earn five (5) days of time credit for every thirty (30) days of successful participation. *Id.* However, an inmate may not earn time credits for EBRR programs completed prior to the enactment of the FSA. *Id.* § 3632(d)(4)(B)(i). The Attorney General was allowed 210 days after the FSA was enacted to develop and publish the System, which the BOP then used as a guide to implement the EBRRs and PAs. 18 U.S.C. § 3632(a). The Attorney General published the System on July 19, 2019, and the BOP then had 180 days, or until January 15, 2020, to implement the System, complete assessments, and begin to assign prisoners to appropriate EBRRs. *Kurti*, 2020 WL 2063871, at *4 (citing 18 U.S.C. § 3621(h)). This Court has previously held that inmates cannot earn time credits for EBRRs and PAs completed before January 15, 2020. *Id.* at *5 (citing 18 U.S.C. § 3632(d)(4)(B)(i)). Petitioner, therefore, is not entitled to time credit for any programming completed prior to that date. *Kurti*, 2020 WL 2063871, at *5.

In his traverse, Petitioner suggests that he is entitled to earned time credit for completing his GED and RDAP. (Doc. No. 11 at 3.) The record before the Court, however, indicates that Petitioner did not complete his GED after January 15, 2020. Moreover, receiving a GED does not qualify as an EBRR or PA. (Doc. No. 15-1 at 2.) Furthermore, Petitioner did not complete RDAP. While Petitioner completed the "NRES drug program" on May 3, 2021, this is not the same as RDAP, which he declined in March of 2019. (*Id.* at 2, 8.) Petitioner, therefore, is not entitled to earned time credit for completing his GED and for RDAP.

As noted *supra*, Petitioner has completed EBRRs and PAs such as Money Smart Older Population and CTE Job Read Cert: Forklift Class. (*Id.* at 2.) For purposes of the FSA, Petitioner was initially assessed to have a high risk of recidivism. (Doc. No. 15-1 at 14.) As of April 28, 2021, Petitioner has been assessed to have a medium risk of recidivism. (*Id.*) The BOP initially identified his need as "anger/hostility," "finance/poverty," and "work." (*Id.*) Petitioner's current needs include "anger/hostility." (*Id.*) While Petitioner has completed EBRRs and PAs that have met some of his needs, his medium recidivism risk precludes him from receiving earned time credit for those activities. *See* 18 U.S.A. § 3624(g)(1)(B), (D)(i)(I) (noting that for an inmate to receive earned time credit for prerelease custody, the inmate must have had a minimum or low risk of recidivism). Petitioner,

therefore, is not entitled to the time credits he seeks, and his § 2241 petition will be denied.

## III. CONCLUSION

Based on the foregoing, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) will again be denied. An appropriate Order follows.

s/ Sylvia H. Rambo
United States District Judge

Dated: June 22, 2021